LARS A. PETERSON ET AL., TRUSTEES OF THE FIRST SWEDISH BAPTIST CHURCH OF STROMSBURG, NE-BRASKA, APPELLEES, V. SAMUEL SAMUELSON ET AL., APPELLANTS.

FILED OCTOBER 3, 1894.    No. 5288.

Religious Societies: SECEDERS: FORFEITURE OF MEMBERSHIP. Where certain members of a church society withdrew therefrom and organized another society of the same church, and afterward returned to the society from which they had withdrawn, there exists no presumption that by said withdrawal the seceders had forfeited their membership of the church as parts of which both societies had existed.

APPEAL from the district court of Polk county. Heard below before BATES, J.

The facts are stated by the commissioner.

*E. L. King, E. E. Stanton,* and *R. S. Norval,* for appellants:

A majority of the members of a religious society cannot change the purpose for which its property was acquired by changing the corporate name of the society. (*Baker v. Ducker,* 79 Cal., 365.)

15

Even if the majority of the members of a church society should secede, such secession would forfeit the right of the seceders to the common property, and the minority remaining become entitled to its exclusive use. (*Rottmann v. Bartling*, 22 Neb., 375; *Methodist Episcopal Church v. Wood*, 5 O., 283; *Lewis v. Watson*, 4 Bush [Ky.], 228; *Associated Reform Church v. Trustees of the Theological Seminary of Princeton*, 4 N. J. Eq., 77; *Hoskinson v. Pusey*, 32 Gratt. [Va.], 428; *McRoberts v. Moudy*, 19 Mo. App., 26.)

An organized church cannot be divested of its property against its will, even though a majority of its members enter into a new organization which adopts the name of the old, provided the old still exists. (*Venable v. Coffman*, 2 W. Va., 310; *Harper v. Straws*, 14 B. Mon. [Ky.], 48.)

There being no provision of the statute permitting two church societies to organize in one, any pretended organization would be void, as the statute cannot be extended by implication beyond its language. (*Evenson v. Ellingson*, 39 N. W. Rep. [Wis.], 342.)

*H. M. Marquis* and *M. A. Mills*, contra, cited: *Watson v. Jones*, 13 Wall. [U. S.], 727; *Shannon v. Frost*, 3 B. Mon. [Ky.], 258; *German Reformed Church v. Commonwealth*, 3. Barr [Pa.], 282; *State v. Farris*, 45 Mo., 183; *Hadley v. Mendenhall*, 89 Ind., 136; *Chase v. Cheney*, 58 Ill., 509; *Gibson v. Armstrong*, 7 B. Mon. [Ky.], 495; *Lamb v. Cain*, 29 N. E. Rep. [Ind.], 13; *Venable v. Baptist Church of Atchison*, 25 Kan., 177.

RYAN, C.

This action was brought in the district court of Polk county by the plaintiffs named as trustees of the First Swedish Baptist Church of Stromsburg, against the defendants, to enjoin such defendants from threatened forcible detention of possession of certain church property.

No objection was made as to the form of action by which relief was sought, and none will be raised by us further than to suggest that we shall not enter upon a consideration of the title to the church property above referred to, questioned because of alleged irregularities in making conveyances thereof. The defendants justify absolute control of the church property which they have undertaken to enforce by a claim (1) that the persons named above as plaintiffs are not in reality trustees ; (2) because the church society for which said persons assume to act as trustees has no standing to assert a right of possession. It appears from the evidence adduced that in the year 1873 a church society was organized near Stromsburg, under the name of the "Baptist Church Society of the County of Polk and State of Nebraska," which society, in 1875, received a conveyance of block 3, in Buckley's Addition to the town of Stromsburg, upon which lot there is now a church edifice and parsonage which have cost about $7,000. In the evidence we find it repeated over and over that in 1887 about fifty members of the church "seceded" and organized a separate organization under the name of the "Regular Swedish Baptist Church Society." Subsequently the original society met with these so-called "seceders," and a reunion of these elements was effected. After this amalgamation was accomplished the society resulting resolved to and did change its name to that of "The First Swedish Baptist Church of Stromsburg, Nebraska." It is argued that this last named society did not succeed to the rights of that first above named, because there is no provision of the statute authorizing the consolidation of two distinct church organizations resulting in a third one entirely distinct. The appellees urge that either this must have been done or the members of the society must have been admitted as new members, which could only be done when less than five members dissented,—in this instance there were twenty-six adverse votes. The trouble with both of these alterna-

tive propositions is that they assume that the seceders were outside the church which they originally left. The evidence discloses simply that these fifty or more members organized a new society, built a new church, and worshiped therein, separate and apart from the society which they had left. They were still members of the Swedish Baptist Church at large, and there is no intimation that by seceding from one society their relations to the church at large were impaired. When, therefore, there was a reunion of the fragments, the same society existed as had originally been organized, and it might or might not change its name as its members chose. This reunion was by merger of the seceders into the first organized society, and that the trustees of that society still remained such there can be no room for doubt. After the return of the seceders, the reunited society elected William O. Backlin, one of the seceders, a new trustee. It is urged in argument that the three other trustees had previously resigned and are therefore now disqualified. The evidence shows that while there was discord in the affairs of the parent church society, these three trustees, at a business meeting of the church, declared they would resign if quiet was not restored, according to the testimony of some witnesses. Tested by the evidence of other witnesses, these three trustees actually tendered their resignations because of want of harmony in the church society. In either event this is immaterial, for, if tendered, the resignations were not accepted and these trustees continued afterward the discharge of their duties as trustees.

It is not deemed necessary to enter into a detailed review of the causes of the ill-feeling which even now seems to find lodgment in this little community. The district court found for the plaintiff on the facts, as to which an extended statement would subserve no useful purpose, for each finding was based on sufficient evidence. The judgment of the district court is

AFFIRMED.